# United States District Court
### for
### Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 66 ]

Name of Offender: <u>Jerry Smith Jr.</u>           Case Number: <u>3:05-00019-01</u>

Name of Sentencing Judicial Officer: <u>Honorable John T. Nixon, Senior U.S. District Judge</u>

Date of Original Sentence: <u>October 17, 2005</u>

Original Offense: <u>18 U.S.C. §§ 922(g)(1), 924(e), Convicted Felon in Possession of a Firearm</u>

Original Sentence: <u>78 months' custody followed by 3 years' supervised release</u>

Date of Revocation Sentence: <u>April 4, 2012</u>

Revocation Sentence: <u>6 months' custody and remainder of original term of supervised release</u>

Type of Supervision: <u>Supervised Release</u>         Date Supervision Re-Commenced: <u>July 2, 2012</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>           Defense Attorney: <u>C. Douglas Thoresen</u>

---

### PETITIONING THE COURT

|        |                                               |
|--------|-----------------------------------------------|
| _____ | To issue a Summons                            |
| _____ | To issue a Warrant                            |
| **X**  | To Consider Additional Violation(s)/Information |

---

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant and consideration of additional Violations/Information
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons and consider additional Violations/Information
☒ Consideration of Additional Violation(s)/Information
☐ Other

Considered this 8th day of May, 2013,
and made a part of the records in the above case.

_____
John T. Nixon
Senior U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer

Place       Nashville, TN

Date        May 6, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 66, has been amended as follows:

Violation No. 4 – has been added to report a new arrest on April 19, 2013.

The probation Officer believes that the offender has violated the following condition(s) of supervision:

**Violation No.**    **Nature of Noncompliance**

1. **The defendant shall follow the instructions of the probation officer:**

    On December 1, 2012, Mr. Smith was instructed, by U.S. Probation Officer Kara Sanders, to report to the U.S. Probation Office at 8:00 a.m. on December 3, 2012. Mr. Smith failed to report on this date.

2. **The defendant shall participate in the Electronic Monitoring Program for a period of up to 4 months. The defendant shall be required to remain in his residence unless given permission in advance by the probation officer to be elsewhere. The defendant may leave his residence for work/school, medical treatment, mental health and substance abuse treatment and to attend religious services. The defendant shall be on electronic monitoring and shall abide by all of the requirements related to the use of the location monitoring technology. The defendant shall pay all or part of the costs of participation in the location monitoring program, based on the ability to pay as directed by the probation officer:**

    On November 24, 2012, Mr. Smith left his residence, without permission on multiple occasions from 11:00 a.m. to 6:30 p.m. On November 29, 2012, he reported to the U.S. Probation Officer Kara Sanders as instructed. He initially indicated that he could not recall what happened on the 24th, but that he remembers being transported to General Hospital. He did ultimately reveal that he drank alcohol and fell down the stairwell of his apartment complex. Someone unknown to Mr. Smith called the police and he was transported to the hospital for medical care and possible overdose. Mr. Smith reported that he did not overdose but that he was intoxicated, which what is caused him to fall down the stairs. He reports he refused treatment at the hospital and was provided no paperwork for documentation.

    On December 1, 2012, Mr. Smith left his residence, again, without permission at 12:26 a.m. and returned at 1:09 a.m. He left again at 3:52 a.m. and returned at 7:11 a.m. On December 1, 2012, at 6:45 a.m. Officer Sanders spoke with Mr. Smith's girlfriend, Aletha Simmons, and she indicated Mr. Smith was not home and she did not know where he was. Mr. Smith contacted Officer Sanders via telephone at approximately 10:30 a.m. and indicated he was currently at work and reported, after the fact, that his early morning leave was

to pick up his girlfriend's child. He was instructed to report to the probation office on December 3, 2012, to discuss his unauthorized leave. On December 2, 2012, at 8:40 p.m. Mr. Smith left his residence again without permission. On December 3, 2012, Officer Sanders contacted his girlfriend, Alethea Simmons, and she reported she had not seen him since he left on December 2, 2012. Following that unauthorized leave, Mr. Smith's location or status was unknown until his arrest on April 19, 2013.

3. **The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance:**

On October 24, 2012, Jerry Smith tested positive for cocaine. He admitted to using 1-1.5 grams of powder cocaine on the night of October 22, 2012. The sample was confirmed positive for cocaine by the Alere Laboratories.

On November 20, 2012, he tested positive for marijuana. He admitted to smoking marijuana with his cousin, Chris, on November 17, 2012, on his way home from work. The sample was confirmed positive for marijuana by the Alere Laboratories.

November 26, 2012, he again tested positive for cocaine. In this instance he reports he left his apartment on November 24, 2012, and saw a neighbor in the parking lot smoking a "blunt." He admitted that the smoked the "blunt" and believed it was marijuana. However, the drug test results were positive for cocaine from the Alere Laboratories.

Mr. Smith failed to report for his drug test on December 6, 2012.

4. **The defendant shall not commit another federal, state or local crime:**

On April 19, 2013, the defendant was arrested and charged in Metro Davidson County, for Evading Arrest and Unlawful Use of Drug Paraphernalia.

The affidavit filed by Metro Police Officer Stephen Weir, indicates that Mr. Smith was confronted by Sgt. Billingsby in Cumberland View Apartments, because he matched the description of another wanted subject. The defendant ran from Sgt. Billingsby into 2234 26th Ave. N. A consent to search form was signed by another resident at the location. Mr. Smith was placed into custody and a set of digital scales with cocaine residue was found in the back bedroom. The residents stated the scale was Mr. Smith's and he stated, "Oh, it's mine. I'll take the charge."

These charges were disposed on April 22, 2013. Mr. Smith pled guilty to Unlawful Possession of Drug Paraphernalia and the Evading Arrest charge was dismissed.

**Compliance with Supervision Conditions and Prior Interventions:**

Jerry Smith Jr., began his original term of supervised release on March 4, 2011. In June 2011, a violation petition was filed indicating Mr. Smith violated the conditions of his release by being arrested for possession of cocaine and drug paraphernalia, testing positive for cocaine and failure to comply with substance abuse treatment. On July 18, 2011, Your Honor instructed Mr. Smith to enter a residential drug treatment program. He entered Buffalo Valley inpatient treatment on August 8, 2011, and completed the program on October 10, 2011. An additional hearing was

held October 17, 2011, and Your Honor dismissed the petition and allowed Mr. Smith to remain on supervision based on his successful completion of the inpatient drug treatment program. Mr. Smith did admit to violations one and two in the original petition.

Following his release from Buffalo Valley Mr. Smith was re-assessed by Centerstone Mental Health to address further substance abuse and mental health treatment needs. It was recommended that he attend individual treatment to address his substance abuse and mental health needs. It was also recommended that he participate in a 12-step program and obtain a sponsor.

In February 2012, an additional petition was filed based on his testing positive for cocaine and being arrested for possession of cocaine, evading arrest and possession of drug paraphernalia. On April 4, 2012, Your Honor revoked his supervised release. Mr. Smith was ordered to serve six months' custody followed by the remaining term of his original supervised release. In addition, the first four months of his release he would reside at Diersen Charities and then be on home confinement for an additional two months.

Mr. Smith was released from custody on July 2, 2012, to begin his third attempt at supervised release. He reported to the probation office and was reconnected with mental health treatment. At this time, he reported that he had three weeks' worth of mental health medication but that he had not been taking it as directed while in custody. On August 10, 2012, he entered Diersen Charities to begin his four months of confinement, as previously ordered by the Court.

In October 2012, a report was submitted to the Court to modify Mr. Smith's conditions to four months home confinement, as a consequence of his failure to complete the Court ordered four months at Diersen Charities and for using a controlled substance. Mr. Smith was terminated from Dierson Charities for failure to return to the facility. The Court agreed with the recommendation and Mr. Smith was placed on home confinement on November 20, 2012. The home confinement plan was explained to him and Mr. Smith signed, and was given a copy of, the home confinement agreement. He was given an approved schedule based on his employment and school needs. He was also approved for all medical and mental health appointments, and religious services.

Mr. Smith has attended individual therapy with Centerstone Mental Health since his release in July 2012. However, on October 23, 2012, he failed to report for his therapy appointment. The appointment was rescheduled for November 6, 2012, and he also failed to attend this appointment. He did attend therapy on November 13, 20, and 27, 2012. Mr. Smith reported he was taking his Seroquel medication as directed until October 22, 2012. Based on his report he stopped taking the medication for an unknown reason. Officer Sanders instructed Mr. Smith to take all of his medications as directed. Mr. Smith partially complied with this and as of November 29, 2012, he reported that he continued to take the Seroquel as directed but that he

was not taking the Risperdal prescription. He indicated he did not like the side effects of the Risperdal and therefore was not going to take it as directed. Mr. Smith failed to attend his mental health appointment on December 4, 2012.

Mr. Smith was enrolled in school for training as an electrician and employed at Shurbrite car wash. Mr. Smith has not attended school since November 29, 2012 and not attended work since December 1, 2012.

**Update on Offender Characteristics:**

The original petition for a warrant was signed by the Court on December 7, 2012. Mr. Smith was classified as an absconder from December 2012 until his arrest on April 19, 2013. On April 30, 2013, the federal violation warrant was served and he appeared for his initial appearance. He waived his detention hearing and is being held in federal custody awaiting his revocation hearing.

**U.S. Probation Officer Recommendation:**

It is respectfully recommended that the additional violation be considered at the revocation hearing.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JERRY SMITH JR., CASE 3:05-00019-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003       **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 8-14 Months U.S.S.G §7B1.4 | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Revocation is mandatory if the court finds the defendant possessed a controlled substance in violation of the condition set forth in subsection (d). 18 U.S.C. § 3583(g)(1). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583(d).

18 U.S.C. 3583(g)(4) provides for mandatory revocation if the defendant, as part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year.

**Guideline Policy Statements:**

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4, Application Note: 5.

Upon a finding of a Grade C violation, the Court may revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision, U.S.S.G § 7B1.3(a)(2).

Respectfully submitted,

Kara Sanders
U.S. Probation Officer Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Jerry Smith, Jr

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:05-00019-01

3. **District/Office** Middle District of TN

4. **Original Sentence Date**  10 / 17 / 2005
                            month    day    year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Failure to follow instructions of the probation officer | c |
   | home confinement | c |
   | using and possessing a controlled substance | c |
   | not commit another federal, state or local crime | c |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     c

9. **Criminal History Category** *(see §7B1.4(a))*     VI

10. **Range of Imprisonment** *(see §7B1.4(a))*     8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)        _____     Home Detention            _____

    Other          _____     Intermittent Confinement  _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002